# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0524 | **DATE** | 2/13/2012 |
| **CASE TITLE** | Martell Tillman (#–42440) vs. Brad J. Robert, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [3] is granted. Respondent shall answer the petition or otherwise plead by 3/12/2012. Petitioner's motion for appointment of counsel [4] is denied as premature. On the court's own motion, Cook Count State's Attorney Anita Alvarez is dismissed as a respondent.

■ [*For further details see text below.*]   Docketing to mail notices.

## STATEMENT

    Martell Tillman, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tillman challenges his conviction for unlawful use of a weapon by a felon on the grounds that: (1) the police engaged in misconduct in the course of arresting him and gathering evidence; (2) the State lacked a legitimate basis for prosecuting him; and (3) his defense attorney was ineffective.

    Tillman having shown that he is indigent, his motion to proceed *in forma pauperis* is granted. It is unclear whether Tillman has exhausted state court remedies as to all claims raised in his habeas petition; however, he appears to have filed this action in a timely manner. Accordingly, Respondent shall answer the petition or otherwise plead by March 12, 2012. This preliminary order to respond does not, of course, preclude Respondent from making whatever waiver, exhaustion, timeliness, or procedural default arguments he may wish to present.

    Tillman is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Tillman must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Tillman must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

certificate of service stating to whom exact copies were sent and the date of mailing. Any paper sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded.

Tillman's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel cannot be determined until after the court has had an opportunity to review and consider Respondent's answer to the petition.

Finally, on the court's own motion, Cook County State's Attorney Anita Alvarez is dismissed as a respondent. The only proper respondent in a Section 2254 action is the warden who has custody of the petitioner. *See Green v. Bryant*, No. 01 C 6625, 2004 WL 442673, at *1 n. 1 (N.D. Ill. Mar. 10, 2004). The prosecuting attorney is not a proper respondent.