UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTELL TILLMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>BRADLEY J. ROBERT, Warden, )<br>)<br>Respondent. ) | 12 C 524<br><br>Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Petitioner Martell Tillman, who is serving a 20-year sentence in Illinois state prison for unlawful use of a weapon by a felon, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The Warden filed an answer. Doc. 16. Tillman did not file a reply. Tillman's petition is denied, and a certificate of appealability is denied as well.

**Background**

The facts supporting Tillman's conviction, which were recounted by the Appellate Court of Illinois on direct appeal, *People v. Tillman*, No. 1-08-1232 (Ill. App. Mar. 15, 2010) (Doc. 17-1 at 8-20), have no bearing on the disposition of his habeas petition and will not be recounted in detail here. Tillman was convicted in a bench trial and sentenced to twenty years imprisonment. Doc. 17-1 at 4-5. On direct appeal, Tillman pressed four claims: (1) that the State had not proved him guilty beyond a reasonable doubt; (2) that his twenty-year prison sentence was excessive; (3) that his three-year mandatory supervised release term was excessive; and (4) that he should have received 408 days credit for pretrial detention rather than the 406 days he actually did receive. Doc. 17-1 at 21-56. The Appellate Court of Illinois affirmed the conviction

and sentence, but ordered that Tillman's mittimus be amended to reflect 407 days of sentencing credit. Doc. 17-1 at 8-20. Tillman filed with the Supreme Court of Illinois a timely petition for leave to appeal ("PLA"), which pressed only two issues: (1) the same challenge to the three-year mandatory supervised release term that he raised in the appellate court; and (2) an argument that he should have received 408 days of sentencing credit rather than 407 days that the appellate court granted him. Doc. 17-3 at 3-37. The PLA was denied on March 30, 2011. *People v. Tillman*, 949 N.E.2d 664 (Ill. 2011).

Tillman filed a post-conviction petition in the state trial court on May 26, 2011. Doc. 17-6 at 2-7. The post-conviction petition raised four claims: (1) that the trial judge told Tillman's counsel that Tillman was supposed to be charged with domestic battery, not unlawful use of a weapon; (2) ineffective assistance of trial counsel; (3) that the weapon was not produced at trial; (4) that the trial transcript was altered; and (5) that the police planted the weapon on him. The ineffective assistance claim is embedded in the following passage of the petition:

> I had ineffective counseloring which lead to me being convicted of unlawful use of a weapon, and the gun was never produced at trial, and they altered my [appeal] transcript so bad, until it was Denied. [I]f you will notice on my copy of transcript … you will see where it says Defendant is wrong, this is where the Judge was explaining to Anthony Ruffin [trial counsel] that I was suppose[d] to be charged with only a domestic.

Doc. 17-6 at 3. The state trial court dismissed the petition on July 29, 2011. Doc. 17-6 at 8-13. Tillman filed a notice of appeal on September 7, 2011. Doc. 17-5 at 1. The trial court refused to transmit Tillman's appeal to the state appellate court because it was untimely. Doc. 17-4 at 18. The trial court's order informed Tillman that he could seek leave to file a late notice of appeal, *ibid.*, but Tillman apparently never did so.

Tillman also filed with the state trial court a habeas petition under 735 ILCS 10-102 *et seq.*, which raised claims similar to those raised in his post-conviction petition. Doc. 17-4 at 1-13. The state trial court denied habeas relief in a written order dated December 16, 2011. Doc. 17-4 at 14-17. Tillman did not appeal.

## Discussion

Tillman filed this federal habeas petition on January 24, 2012. Doc. 1. The petition asserts four grounds for relief, which he labels as follows: (1) false arrest and imprisonment; (2) malicious prosecution; (3) emotional distress; and (4) ineffective assistance of counsel. *Id*. at 5-6. The claims are addressed in turn.

**I.     False Arrest and Imprisonment**

Tillman's first claim, while labelled "False arrest and imprisonment," alleges that the police used excessive force in arresting him, misled him into believing that he had been arrested only for domestic battery, and "tried to get information out of [Tillman] about a crime which [he] knew nothing about." Doc. 1 at 5. This claim is not cognizable on federal habeas review because it pertains only to the manner in which the police effected Tillman's arrest; it does not argue that any evidence obtained as a result of the arrest should have been suppressed at trial.

The *Kerr-Frisbie* doctrine holds that "the manner in which a defendant is brought to trial does not affect the ability of the government to try him." *Matta-Ballesteros v. Henman*, 896 F.2d 255, 260 (7th Cir. 1990); *see United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. The exclusionary principle of *Wong Sun* and *Silverthorne Lumber Co.* delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible

'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct.") (citations omitted); *United States v. Mitchell*, 957 F.2d 465, 470 (7th Cir. 1992) ("Although the Second Circuit recognized an 'outrageous conduct' or 'shock-the-conscience' exception to the *Kerr-Frisbie* doctrine in *United States v. Toscanino,* 500 F.2d 267 (2d Cir. 1974), we have declined to follow the exclusionary rule grounds of *Toscanino* and have questioned its continuing constitutional vitality."). Tillman does not allege that any evidence, apart from his own body, was gathered as a result of the manner of his arrest. It follows that his claim is not cognizable on habeas review. *See Townsel v. Hathaway*, 2010 WL 375668, at *4 (N.D. Ill. Jan. 20, 2010) ("An invalid arrest, on its own, does not impugn the validity of a subsequent conviction, and therefore provides no basis upon which to issue the writ [of habeas corpus]. Townsel does not argue that his conviction rests upon the use of evidence tainted by his illegal arrest in the prosecution's case in chief.") (citation and quotation omitted).

## II.     Malicious Prosecution

Tillman's second claim, while labelled "Malicious Prosecution," reads as follows:

> My trial started Sept 20, 2008. My [trial attorney] Anthony Ruffin never did what I asked him to do for a proving that there was no forensic evidence that I had a gun on me or any DNA and he was very ineffective in my defense. Also the State's Attorney never once showed the gun to the court or the judge. I never seen it or had it in or on my person at that time of the arrest and it was a invasion of privacy because I [was] working at the building I was at. [I] was denied due process rights and ha[ve] suffer[ed] cruel and unusual punishment for my rights were violated since Jan. 30, 2007 [the day of arrest]. They did it maliciously and without justification all during the trial I was racially profile[d] because of my past background.

Doc. 1 at 5. Other than the portion alleging ineffective assistance of counsel, which is addressed below as part of Tillman's fourth claim, this claim is dismissed under Rule 2(c) of the Rules Governing Section 2254 Cases.

Habeas Rule 2(c) provides that a habeas petition must "(1) specify all the grounds for relief available to the petitioner" and "(2) state the facts supporting each ground." While "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief," "mere notice pleading is *not* sufficient." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis added). Tillman's second claim alludes generally to his due process rights, but does not explain how the facts regarding the gun, the invasion of his privacy, or racial profiling make out constitutional violations. The brief reference to the cruel and unusual punishment clause of the Eighth Amendment does not allege facts that would support such a claim. Because the court cannot determine the substance of Tillman's second claim (again, other than the ineffective assistance claim), his allegations do not satisfy Rule 2(c). *See Anderson v. Hardy*, 779 F. Supp. 2d 816, 826 (N.D. Ill. 2011) ("In Claim 8, Anderson merely alleges that his appellate counsel on direct review was 'ineffective for failing to raise cognizable claims of constitutional magnitude that were evidenced in the record and other errors that deprived petitioner of a fair trial.' In ground (e) of Claim 5, he generally avers that his trial counsel was ineffective because she 'did not preserve any issues for review, or make a timely specific objection at trial, thereby violating petitioner's rights to a fair trial.' Neither allegation, the Court concludes, comports with Habeas Rule 2(c). Both are merely general averments which fail to specify what Anderson's lawyers purportedly failed to do to further his defense. While Anderson is not required to enumerate every fact which supports these grounds for relief, he must do more than merely aver that his attorneys were ineffective. Without more detail, the

Court cannot properly evaluate these contentions.") (citations and alterations omitted); *Holland v. Rednour*, 761 F. Supp. 2d 776, 784 (N.D. Ill. 2010) ("In Claim I, Holland asserts that he received ineffective assistance of counsel at trial because his lawyer failed to 'obtain certain records.' Under Habeas Rule 2(c), this argument is plainly insufficient. His petition does not provide the slightest inkling regarding what records should have been obtained. Thus, Claim I fails to the extent Holland grounds his ineffective assistance of counsel claim on a failure to retrieve records.") (citations to petition omitted).

### III. Emotional Distress

Tillman's third claim alleges that he has suffered "emotional distress" from being punished "for a crime that [he] didn't do." Doc. 1 at 6. This claim is not cognizable on federal habeas review because it does not attack the judgment pursuant to which he is in state custody. *See* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is *limited* to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (emphasis added).

### IV. Ineffective Assistance of Counsel

Tillman's second and fourth claims allege that his trial attorney rendered ineffective assistance of counsel by: (1) not "g[etting] the witness that was working with me in the Building 77 Ashland or Barbare Ann[,] my kids mother[,] to testify in my behalf"; (2) not "[p]resent[ing] the evidence of the weapon in a cross-examination to prove beyond a reasonable doubt"; and (3) not "[p]roduc[ing] any documents that I was a hard working man that has put the life of crime

behind me." Doc. 1 at 6. Tillman raised an ineffective assistance claim in his state post-conviction petition and in his state habeas petition. However, even assuming that the particulars of Tillman's ineffective assistance claim on federal habeas review corresponds to the particulars of the ineffective assistance claim on state post-conviction review and state habeas review, *see Everett v. Barnett*, 162 F.3d 498, 502 (7th Cir. 1998) ("This claim has been procedurally defaulted. Everett raised ineffective assistance of counsel in his state postconviction proceeding and the grounds included counsel's failure to call several witnesses. However, he did not argue in the state court that Pledger should have been called; rather, he named other potential witnesses."), Tillman did not press his claim through one complete round of state court review, which defeats his claim on federal habeas review.

As indicated above, the state post-conviction trial court declined to transmit Tillman's notice of appeal to the state appellate court because the notice was untimely under well-settled state law. Doc. 17-4 at 18; *see* Ill. Sup. Ct. R. 303(a)(1) ("The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from."); *Secura Ins. Co. v. Ill. Farmers Ins. Co.*, 902 N.E.2d 662, 664-65 (Ill. 2009) ("The timely filing of a notice of appeal is both jurisdictional and mandatory. … By operation of Rule 303(a)(1), … notice was due at the circuit court clerk's office within 30 days."). Although the state trial court's order expressly invited Tillman to "seek a late notice of appeal in the appellate court," Doc. 17-4 at 18, Tillman did not do so. And Tillman did not appeal the denial of his state habeas petition.

"To preserve a question for federal collateral attack, a person must present the contention to each level of the state judiciary." *Bland v. Hardy,* 672 F.3d 445, 449 (7th Cir. 2012) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999)). Having failed to do so, Tillman's ineffective

assistance claims are procedurally defaulted. *See Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012) ("A petitioner's failure to fairly present each habeas claim to the [Illinois] appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits.") (citing *Boerckel,* 526 U.S. at 848) (quotation marks omitted); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010) ("We cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it by invoking one complete round of the state's established appellate review process.") (citing *Boerckel,* 526 U.S. at 845); *Guest v. McCann*, 474 F.3d 926, 93 (7th Cir. 2007) ("In Illinois … a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court. If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.") (citing *Boerckel,* 526 U.S. at 842-46, 848). Tillman has not pressed any argument as to why his default should be excused, *see Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010), thus forfeiting any such argument as well, *see Franklin v. Gilmore*, 188 F.3d 877, 884 (7th Cir. 1999) ("[P]rocedural default will be excused if a defendant can show that a failure to review the defendant's claims would result in a fundamental miscarriage of justice. Franklin, however, does not make this argument and we will not make it for him.").

### III.     Conversion of the Petition

The proper vehicle for Tillman's excessive force and emotional distress claims may be a civil rights claim under 42 U.S.C. § 1983. On this point, the Seventh Circuit has held:

> In keeping with the approach dictated by the Supreme Court … and our own rule …, we believe that the district courts should make clear exactly what it is they are, and are not, doing when they dismiss a *pro se* prisoner-litigant's complaint without prejudice because it was brought either as a habeas corpus petition or a civil rights action, and it should have been the

> reverse. If, as normally will be the case, conversion is improper, the district court should include a short and plain statement in its order that states: (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences.

*Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005).

Tillman's excessive force and emotional distress claims are not amenable to conversion to a § 1983 case because the respondent here, the Warden of Centralia Correctional Center, had no involvement in Tillman's arrest and prosecution. *See id*. at 389 ("In this case, Glaus's complaint was not amenable to conversion. … [T]he warden would almost surely not be the proper defendant if the district court were to convert Glaus's petition into a civil rights claim or an administrative action. … Under these circumstances, the district court was correct to dismiss Glaus's petition without prejudice."). Accordingly, the court admonishes Tillman that he may re-file those claims under 42 U.S.C. § 1983, naming as defendants the individuals responsible for the harms alleged. The court makes no judgment regarding the merit of such a suit, though it notes that Tillman already has had a § 1983 suit arising out of these events dismissed on initial review under 28 U.S.C. § 1915A. *See Tillman v. Lewis*, No. 11 C 6190, Doc. 5 (N.D. Ill. Sept. 13, 2011) (Coleman, J.). The court further admonishes Tillman that if he files another § 1983 suit and the suit is dismissed, he might incur another "strike" under 28 U.S.C. § 1915(g).

## Conclusion

For the forgoing reasons, Tillman's petition for a writ of habeas corpus is denied. Habeas Rule 11(a) provides that the district court "must issue or deny a certificate of appealability [('COA')] when it enters a final order adverse to the applicant." *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). The applicable standard is as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted); *see also Lavin*, 641 F.3d at 832; *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

This court's denial of Tillman's petition relies on settled precedents and principles. The application of those precedents and principles to Tillman's petition does not present difficult or close questions, and so the petition does not meet the applicable standard for granting a certificate of appealability. The court therefore denies a certificate of appealability.

May 17, 2013                                                   _____
                                                                                United States District Judge